IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    No. 21-CR-1827-DHU

SHAWN MICHAEL NORTON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Shawn Michael Norton's Motion to Dismiss the Indictment ("Motion") (Doc. 68). The Government filed a response in opposition (Doc. 76), to which Defendant filed his reply (Doc. 84). The Court heard oral argument on the Motion on August 28, 2023. *See* Doc. 86. After the hearing, the parties submitted supplemental briefs, as ordered by the Court. Docs. 89, 90, 94. The Court held a status conference on September 25, 2023 to seek the parties positions on a recent United States Supreme Court case that relates to the issues raised in the Motion. *See* Doc. 95. The Court, having considered the briefs, relevant law, oral argument, and being otherwise fully informed, finds that the Motion should be **DENIED**.

    **I.**    **BACKGROUND**

Defendant Norton was indicted on November 8, 2021 and charged with being a felon in possession of a firearm contrary to 18 U.S.C. 922(g)(1). Defendant moves this Court to dismiss the indictment in this matter pursuant to Rule 12(b)(3)(B)(v), *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, S. Ct. 2111 (2022), and the Second Amendment to the United States Constitution.

1

## II. ANALYSIS

Defendant asserts 18 U.S.C. § 922(g)(1) is unconstitutional both facially and as applied. Defendant made several arguments in his Motion. First, Defendant argued *Bruen* reshaped the Supreme Court's Second Amendment jurisprudence so that § 922(g)(1) is no longer constitutional. Doc. 68 at 2. In *Bruen*, the Supreme Court instructed:

> In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Bruen*, S. Ct. 2111 at 2126 (internal quotation marks and citation omitted). Defendant argued that several courts have ruled that § 922(g)(1) is unconstitutional as applied after *Bruen*. Doc. 68 at 3-6. Finally, Defendant argued that § 922(g)(1) is unconstitutional as applied to his case, Doc. 68 at 6-7, and it is facially unconstitutional. *Id.* at 7-8.

The Government responded in opposition. The Government argued that Tenth Circuit precedent upholding longstanding prohibitions of firearm possession by felons forecloses the Defendant's challenge. Doc. 76 at 7. Next, the Government argued that the text of the Second Amendment and its historical context make plain that the Defendant, a convicted felon, cannot mount a successful attack on 18 U.S.C. § 922(g)(1). *Id.* at 12-17. Third, the Government argued that a comprehensive review of historical tradition confirms legislatures' authority to prohibit felons from possessing firearms. *Id.* at 17-30.

After the Court held a hearing on the Motion and ordered supplemental briefing, the Tenth Circuit issued its decision in *Vincent v. Garland*, 2023 WL 5988299 (10th Cir. Sept. 15, 2023). In *Vincent*, the Court examined whether the new test set forth in *Bruen* affected the constitutionality

of bans prohibiting the possession of firearms by convicted felons when applied specifically to those individuals convicted of nonviolent felonies. *Vincent*, 2023 WL 5988299, at *1. The Court held that such bans are constitutional because *Bruen* did not overrule existing Tenth Circuit precedent, and *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), a pre-*Bruen* case, "upheld the constitutionality of the federal ban for *any* convicted felon's possession of a firearm." *Vincent*, 2023 WL 5988299, at *4. Therefore, the Court followed *McCane* and upheld the constitutionality of the ban on felons' possession of firearms. *Id.*

The Court held a status conference to obtain the parties' positions on Defendant's Motion in light of *Vincent*. *See* Doc. 93. Defense counsel indicated he was not withdrawing his Motion, however, he indicated that *Vincent* forecloses a challenge to § 922(g)(1) at this time. *See* Doc. 95.

The Court must agree. *Vincent* is clear that courts within the Tenth Circuit must follow *McCane*, which upheld the constitutionality of the federal ban for *any* convicted felon's possession of a firearm, regardless of the type of felony involved. Given *Vincent*'s unequivocal holding, the Court will deny Defendant's Motion.

### III. CONCLUSION

For all of the reasons stated herein, the Court denies Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant Shawn Michael Norton's Motion to Dismiss (Doc. 68) is **DENIED**.

**IT IS SO ORDERED.**

DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE